UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARK VILLAZON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 25-cv-04752 |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| KANE COUNTY SHERIFF'S OFFICE, ) | |
| ET AL., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Pro se Plaintiff, Mark Villazon, ("Plaintiff") filed his Complaint alleging constitutional violations under the First, Fourth, and Fourteenth Amendment and for declaratory judgment. Before the Court is Plaintiff's application for leave to proceed in forma pauperis and motion for leave to file electronically via CM/ECF. For the following reasons, the Court grants Plaintiff's application for leave to proceed *in forma pauperis* [4] and denies motion for leave to file electronically via CM/ECF [12] without prejudice.

**BACKGROUND**

Plaintiff, proceeding pro se, filed his Complaint on April 30, 2025. On the same day, Plaintiff filed an application for leave to proceed in forma pauperis. He later filed a motion for leave to file electronically via CM/ECF. On May 21, 2025, the Court held a hearing on Plaintiff's motions.

**LEGAL SATANDARD**

In order to allow a litigant to proceed *in forma pauperis*, a court must make two determinations: (1) whether the litigant is financially incapable of bearing the costs associated with initiating the action; and (2) whether the action satisfies 28 U.S.C. § 1915(e)(2)(B) muster.

**DISCUSSION**

I.  **Application for Leave to Proceed In Forma Pauperis**

"28 U.S.C. § 1915(a) grants indigent persons meaningful access to federal courts by allowing them to bring suit without paying filing fees and costs." *Smith-Bey v. Hosp. Adm'r,* 841 F.2d 751, 756 (7th Cir. 1988). A plaintiff is required to submit an affidavit demonstrating that his poverty status prevents him from "simultaneously paying the administrative feeds to commence the lawsuit and providing the necessities of life for himself and his dependents." *See McRoyal v. Commonwealth Edison Co.,* No. 05 C 5624, 2006 WL 8461726, at *1 (N.D. Ill. June 23, 2006) (Manning, J.) One must not be absolutely destitute in other to proceed *in forma pauperis*. *Zaun v. Dobbin,* 628 F.2d 990, 992 (7th Cir. 1980).

Plaintiff's application states that Plaintiff is not receiving a monthly income, which Plaintiff corroborated during the May 21st hearing, stating that he has been unemployed for two years. Plaintiff previously owned a closet franchise which he sold and was, thereafter, unemployed. Plaintiff receives quarterly installment payments related to the sale of the closet franchise, which only pay for approximately 60-70% of his monthly expenses. Plaintiff testified that his last quarterly installment payment was around $17,000, but that the majority of the payment had to go to outstanding loans. His monthly expenses are as follows: $3,500 (rent); $400 (utilities/phone); $350 (car insurance); $1,600 (alimony); $1,150 (health insurance); and $220 (student loans). He owns two cars with a total value of $24,000 and has $35,000 in savings. Plaintiff testified that he may have to sell one of his cars and that due to his unemployment and outstanding debt (through business loans and the student loan payment), he is forced to withdraw money from his savings to pay for his monthly expenses. In his sworn application, Plaintiff claims his son as a dependent, although he testified that his son is over 18 years of age and may be moving out of his home in the near future.

Based on Plaintiff's application and testimony during the May 21st hearing, the Court finds that Plaintiff has met the requirements to proceed in forma pauperis. Plaintiff presented sufficient

evidence that his liabilities outweigh his assets and testified, under oath, that the quarterly payments from the sale of the franchise do not cover his monthly expenses, forcing him to make withdrawals from his savings account to provide for life necessities. His savings account is not so large to allow Plaintiff to pursue his claims while simultaneously providing life's necessities for him and his son. The Court finds that where evidence confirms a pro se litigant's liabilities outweigh his assets and pursuing his claims would prevent him from covering the bare necessities of life, the litigant is entitled to proceed in forma pauperis.

## II.  28 U.S.C. § 1915(e)(2)(B)

Under 28 U.S.C. § 1915(e)(2)(B), a court may dismiss a complaint that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A court should only dismiss a complaint with prejudice under this standard if "there is indisputably absent any factual or legal basis for the asserted wrong." *Smith-Bey,* 841 F.2d at 757-758. An example is where the complaint seeks relief from defendants clearly immune from suit. *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 1932-33 (1989).

A court is obliged to construe a pro se litigant's pleadings liberally. *Calhoun v. DeTalla,* 319 F.3d 936, 943 (7th Cir. 2003). From review of the Complaint, the Court believes that Plaintiff alleges constitutional violations stemming from a vehicle seizure pursuant to a traffic stop on or about November 3, 2023. Plaintiff puts forth sufficient factual allegations to overcome dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). *See Smith-Bey,* 841 F.3d at 758 ("While the details are somewhat sketchy, the facts outlined in the complaint are sufficient at this stage in the litigation process to survive dismissal on the grounds of frivolousness.").

However, Plaintiff names Judge Sarang, "acting in an administrative capacity and under color of law," as a defendant in the action. A judge is entitled to judicial immunity when performing

3

judicial responsibilities. *Dennis v. Sparks,* 449 U.S. 24, 27–29, 101 S. Ct. 183, 186–87 (1980). Accordingly, the Court finds that Judge Sarang is not a proper defendant under 28 U.S.C. § 1915(e)(2)(B)(iii) and dismisses Judge Sarang from the matter.[1]

### III. Motion for Leave to File Electronically Via CM/ECF

Plaintiff filed a motion for leave to file electronically via CM/ECF. A pro se litigant "may file documents electronically only after successful completion of a Clerk's Office administered class on how to file electronic documents in this Court and then may file documents only after the complaint has been filed in paper." Local Rule 5.2(a). Plaintiff's motion does not provide documentation to confirm he has followed the Local Rule. Once Plaintiff has demonstrated compliance with the mandatory requirements, Plaintiff may file another motion with the request for the Court's consideration.

**CONCLUSION**

For these reasons, the Court grants Plaintiff's application for leave to proceed *in forma pauperis* [4] and denies motion for leave to file electronically via CM/ECF [12] without prejudice. Plaintiff is granted leave to file a First Amended Complaint pursuant to this Court's order within 21 days. Failure to do so could result in dismissal of the action with prejudice.

**IT IS SO ORDERED.**

Date: 6/4/2025

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

---

[1] Plaintiff also submitted a document titled "Notice Clarifying Capacities as Alleged in Complaint" [11]. As the Court is granting Plaintiff leave to file a First Amended Complaint to comply with this Order, Plaintiff should include this information in the First Amended Complaint.

4