# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

MARK VILLAZON,              )
                             )
        Plaintiff,          )
                             )    Case No. 25-cv-4752
       v.                )
                             )    Judge Sharon Johnson Coleman
KANE COUNTY, SGT. KRUEGER, SGT.  )
WESTON, KIMBERLY KLEIN, and    )
XACHARY KRIZEL            )
                             )
        Defendants.     )

## MEMORANDUM OPINION AND ORDER

Pro se Plaintiff Mark Villazon's car was impounded by the Kane County Sheriff's Office after officers allegedly observed Mr. Villazon's son selling drugs out of the vehicle. Mr. Villazon subsequently engaged in a year and a half of litigation to have his car returned to him. That case eventually settled, with the State of Illinois agreeing to return the vehicle in exchange for $2000. After finalization of the settlement, Mr. Villazon filed suit against Defendants County of Kane, Illinois ("Kane County"); Kane County Sheriff Deputies Sgt. Krueger[1] and Sgt. Luke Weston[2]; and Assistant State's Attorneys ("ASA") Kimberly Klein and Zachary Krizel. He accuses the Defendants of violating his Fourth Amendment rights by seizing his vehicle without probable cause; and of violating his Fourteenth Amendment Due Process rights by concealing evidence material to his state court forfeiture case. Before the Court today is Defendants' motion to dismiss Mr. Villazon's complaint in its entirety and with prejudice. The Court agrees that Mr. Villazon's allegations show that he did not

---

[1] The Court has not been able to identify any filing containing Sgt. Krueger's first name.

[2] The second amended complaint refers to this Defendant as "Sgt. Westin." *See, e.g.*, dkt. 40 at *1. However, Defendants' motion brief declares that his last name is spelled "Weston." Dkt. 47 at *1 n.1. Mr. Villazon adopts that spelling in his response brief, *see, e.g.,* dkt. 51 at *1, so the Court will regard Mr. Villazon as having conceded that "Weston" is the correct name of the Defendant.

suffer either claimed constitutional deprivation. The Court therefore grants Defendants' motion [46] and dismisses Mr. Villazon's second amended complaint with prejudice.

## BACKGROUND

Unless otherwise noted, the following facts are taken from Mr. Villazon's second amended complaint, dkt. 40 [hereinafter SAC], or from the attached affidavit, and are assumed true for the purpose of adjudicating this motion.

On November 3, 2023, Defendant Sgt. Krueger observed a young white man approach a black Mini Cooper. The driver of the car was Plaintiff Mark Villazon's son; Mr. Villazon himself was not present. Sgt. Krueger observed that car's rear brake lights periodically illuminated, which indicated to him that the driver "may not know the areas and/or may be looking for a specific home or person." SAC app'x A. Sgt. Krueger states in his affidavit that he observed the car come to a complete stop, after which he saw the young man "approach the passenger's side window" of the Mini Cooper and engage in what appeared to be a hand-to-hand transaction with Mr. Villazon's son. *Id.* Mr. Villazon claims that Sgt. Krueger omitted that the young man physically entered the car, and that this additional fact renders his claim of observing a hand-to-hand transaction implausible. Mr. Villazon also believes, based on circumstantial evidence, that the young man "was a cooperating participant acting under law-enforcement direction." *Id.* ¶ 16.

Sgt. Krueger conducted a traffic stop on the Mini Cooper. He then observed the young man stuff something down his pants and attempt to walk swiftly away from the car. Sgt. Krueger detained him and then approached the car with Defendant Sgt. Weston. Sgt. Krueger claimed that he smelled raw cannabis in the car and observed three plastic bags filled with marijuana at the feet of Mr. Villazon's son. After being read his Miranda rights, Mr. Villazon's son informed the officers that he had just sold a relatively small amount of marijuana to the other young man, and that he still had about a quarter pound of cannabis in the car. He then gave the officers permission to search the car. They

discovered approximately 181 grams (about 0.4 pounds) of marijuana inside. The police transported Mr. Villazon's son to Kane County Correctional Facility and had the car towed to the Kane County Sheriff's Office.

Defendants Kimberly Klein and Zachary Krizel, both ASAs, initiated forfeiture proceedings against Mr. Villazon in the Circuit Court for Kane County in matter 2023-MX-002750. The proceedings would ultimately last almost eighteen months before ending in settlement. Mr. Villazon attempted to assert an innocent owner defense, but the state court never heard his motion, apparently preferring to address the defense later, at a forfeiture trial. He spoke to Sgt. Weston over the phone. Sgt. Weston was initially willing to talk about the details of the case, but when Mr. Villazon asked whether the police had had prior contact with the other young man (the buyer), Sgt. Weston told Mr. Villazon that someone in the Kane County State's Attorney's Office had told him not to answer any questions. Mr. Villazon also spoke to the buyer's parent, and they too initially seemed willing to talk but later declined all communications. However, Mr. Villazon does not allege that he attempted to depose Sgt. Weston, Sgt. Krueger, or the buyer's parents, or otherwise force them to testify through judicial procedures. On April 23, 2025, Mr. Villazon and the State of Illinois entered a settlement, over the objection of the Kane County Sheriff's Office, which provided that Kane County would return Mr. Villazon's car in exchange for $2000. Dkt. 20 ex. F.[3] Mr. Villazon also agreed to waive "any procedural defects that may have occurred in the course of these proceedings[.]" *Id.*

---

[3] Mr. Villazon attached a copy of the settlement to his first amended complaint. Dkt. 20 ex. F. He did not attach it to his second amended complaint, which is the operative pleading. *See* SAC. However, because the settlement was approved by the state court, and entered as an order, this Court may take judicial notice of the settlement as a matter of public record. *Fosnight v. Jones*, 41 F.4th 916, 922 (7th Cir. 2022). Additionally, Mr. Villazon's references to the settlement in his second amended complaint mean that it is incorporated by reference, even though it is not attached.

**Procedural History**

On April 30, 2025—a week after his settlement—Mr. Villazon filed the instant case. Dkt. 1. Defendants filed a previous motion to dismiss on September 26, 2025. Dkt. 31. That motion became moot on October 20, 2025, when Mr. Villazon filed his second amended complaint.[4] SAC. On November 3, 2025, Defendants filed a renewed motion to dismiss, which is the instant motion. Dkt. 46; *see also* dkt. 47 [hereinafter Def. Br.]. The Court took the motion under advisement on January 26, 2026, after the parties timely submitted their respective response and reply briefs. Dkt. 51 [hereinafter Pl. Resp.]; dkt. 52.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the sufficiency of the complaint. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). To survive, a complaint "must contain sufficient factual matter… to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In resolving motions under Rule 12(b)(6), the Court accepts all well-pleaded factual allegations as true and construes all reasonable inferences in the plaintiff's favor. *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 2 F.4th 1002, 1007 (7th Cir. 2021).

## DISCUSSION

Mr. Villazon alleges that the Defendants deprived him of two constitutional rights, for which they should be held liable under 42 U.S.C. § 1983. First, he alleges that Sgt. Weston, Sgt. Krueger, and Kane County lacked probable cause under the Fourth Amendment to seize his vehicle. Second, he claims that Sgt. Westin, Ms. Klein, and Mr. Krizel deprived him of his Fourteenth Amendment due process rights when they allegedly coordinated to withhold information material to his forfeiture case.

---

[4] For ease of reading, the Court will refer to the second amended complaint in text simply as the "complaint," except where necessary to distinguish it from previous filings.

He also alleges that they did so pursuant to a general policy of violating the Fourteenth Amendment, subjecting Kane County to § 1983 liability pursuant to *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

Defendants have adopted a kitchen sink approach to their defense, raising eight separate arguments for dismissal, many with multiple sub-arguments. *See generally* Def. Br. Some arguments are more successful than others, and some border on the absurd.[5] However, the Court ultimately agrees that Mr. Villazon has not and cannot state any legally cognizable claim in his second amended complaint, and that dismissal of the complaint with prejudice is therefore appropriate. The Court will not address arguments beyond those sufficient to dismiss the complaint.

## I.        Fourth Amendment Property Seizure

The Fourth Amendment to the U.S. Constitution, which is incorporated by the Fourteenth Amendment and made applicable to the State of Illinois, protects persons from "unreasonable searches and seizures." U.S. Const. amend. IV. Here, the term "seizure" means "some meaningful interference with an individual's possessory interests in [his] property." *Soldal v. Cook County*, 506 U.S. 56, 61 (1992) (citing *United States v. Jacobsen*, 466 U.S. 109, 113 (1984)). Generally, seizures of property are constitutional only when pursuant to a valid warrant, although several exceptions exist. *United States v. Edwards*, 769 F.3d 509, 513 (7th Cir. 2014). Two exceptions are particularly relevant here. First, to lawfully conduct a traffic stop, an officer need only have reasonable suspicion that a crime has occurred. *United States v. Cole*, 21 F.4th 421, 427 (7th Cir. 2021) (*en banc*) (citing, *inter alia*, *Rodriguez v.*

---

[5] For example, Defendants attempt to invoke the equitable doctrine of laches to claim that Mr. Villazon unreasonably delayed bringing his case. Def. Br. *19. However, the doctrine of laches is generally inapplicable when a cause of action is subject to a statute of limitations, as is the case here. *U.S. v. Mack*, 295 U.S. 480, 489 (1935). Moreover, even if it were applicable, Mr. Villazon brought his case within a week of his settlement, Pl. Resp. *5, which under no plausible circumstances could constitute an unreasonable delay. Defendants are urged to pick their arguments with greater care.

*United States*, 575 U.S. 348, 354 (2015). Second, under the "automobile exception," the police may seize a vehicle to be searched at a later point when they have probable cause to believe that the car contains evidence of a crime. *United States v. Pace,* 898 F.2d 1218, 1244 (7th Cir. 1990) (citing *Florida v. Meyers,* 466 U.S. 380 (1984)); *see also United States v. Edwards*, 769 F.3d 509, 514 (7th Cir. 2014). In this situation, "Probable cause exists when based on the known facts and circumstances, a reasonably prudent person would believe that contraband or evidence of a crime will be found in the place to be searched." *United States v. Richards,* 719 F.3d 746, 754 (7th Cir.2013) (internal quotation marks omitted).

Mr. Villazon claims that Sgt. Krueger, Sgt. Westin, and Kane County lacked probable cause and therefore violated his Fourth Amendment rights when they seized his car. As an initial matter, Kane County is not a proper defendant for this claim. Municipal entities (such as Kane County) can be subject to § 1983 liability under *Monell*, but only where the municipality is directly, rather than vicariously, responsible for the plaintiff's injury, typically by propounding an illegal policy or practice. 436 U.S. at 690–93. Here Mr. Villazon has raised such allegations in the context of his Fourteenth Amendment claims, *see* SAC Count III, but not in the context of his Fourth Amendment claims, *see id.* Count I. As such, Mr. Villazon has not stated a claim for a Fourth Amendment violation against Kane County.

With respect to Sgt. Krueger and Sgt. Weston, Defendants raise two primary arguments in support of dismissing this claim. First, they argue that Mr. Villazon lacks standing to contest the traffic stop because he was not present. This argument goes nowhere. Defendants' argument rests on a false distinction between a "stop" and a "seizure." Def. Br. *8 and *passim*. But it is quite well established that a traffic stop *is* a seizure. *See Cole*, 21 F.4th at 427–28 (collecting numerous cases). Defendants are correct that Seventh Circuit precedent bars Mr. Villazon from "vicariously assert[ing] the rights of his son, the driver." Def. Br. *8 (citing *U.S. v. Powell,* 929 F. 2d 1190, 1195 (1991). But Mr. Villazon has not made any argument rooted in his son's privacy rights. Instead, Mr. Villazon has asserted that his

own *property rights* were infringed by the traffic stop, which, again, constituted a seizure of his property. Pl. Resp. *2; SAC ¶ 48. *Powell* addressed whether a non-present owner of a car has an expectation of privacy sufficient to challenge a *search* that lacked probable cause, 929 F.2d at 1194–95; it said nothing about property rights sufficient to challenge a seizure. The Court therefore rules that Mr. Villazon has standing to challenge the seizure (including the stop) of his vehicle.

Defendants also argue that Mr. Villazon's complaint establishes that probable cause existed sufficient to justify the seizure. Here they fare much better. Although Mr. Villazon's property rights were affected to a degree sufficient to establish standing, his allegations do not and cannot establish that the officers seized his vehicle illegally. With respect to the initial stop, Mr. Villazon argues that Sgt. Krueger could not plausibly have "observed a hand-to-hand exchange through the passenger window" if the young man entered the vehicle. SAC ¶ 45. He contends that this implausibility renders probable cause nonexistent. Pl. Resp. *6. But the police do not need probable cause to conduct a traffic stop; they only need reasonable suspicion, a lower standard. *Cole*, 21 F.4th at 427–28. Reasonable suspicion exists "when an officer can point to 'specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion.'" *United States v. Eymann*, 962 F.3d 273, 282 (7th Cir. 2020) (citing *Terry v. Ohio*, 392 U.S. 1, 21 (1968)).

Even if Mr. Villazon is correct that Sgt. Krueger did not actually observe a drug sale, the allegations in the complaint and attached affidavit still establish that reasonable suspicion existed. *C.f. Franks v. Delaware*, 438 U.S. 154, 171 (1978) (courts may not suppress the fruits of a search if the corrected affidavit still establishes legal prerequisites). The version of events most favorable to Mr. Villazon would still show that, prior to the traffic stop, Sgt. Krueger and Sgt. Weston observed the Mini Cooper driving slowly around the neighborhood and come to a complete stop when a young man (who appeared to be looking around for someone specific) approached the vehicle. That man entered the vehicle briefly and then exited. SAC app'x A. That is not enough to establish probable

– 7 –

cause, but it suffices for reasonable suspicion that a drug deal just occurred inside the car, particularly given Sgt. Krueger's familiarity with such exchanges. *C.f. United States v. Ruiz*, 785 F.3d 1134 at 1141–43 (7th Cir. 2015) (officers had reasonable suspicion where they witnessed the defendant enter and then shortly after leave a car owned by a suspected drug dealer, even though the officers did not witness any drugs change hands). Moreover, if Mr. Villazon is correct that the other young man was an undisclosed cooperating participant, that would actually contribute to a finding of reasonable suspicion, rather than detracting from such a finding. As Mr. Villazon puts it, in that scenario the police would be "observing a predicted meeting between Plaintiff['s son] and a cooperating informant", SAC § 48A—which means that they would have known exactly why the young man was entering and exiting the vehicle. The Court therefore rules that Sgt. Krueger and Sgt. Weston had reasonable suspicion of a crime sufficient to justify their initial traffic stop.

After that point, no real questions remain. The attached affidavit indicates that Mr. Villazon's son told the police that the car contained significant quantities of cannabis, and then he gave them permission to search the car. SAC app'x A. Mr. Villazon does not dispute these aspects of the affidavit, and under the automobile exception they more than suffice to establish probable cause permitting the police to completely seize the vehicle and take it to the station. *Pace,* 898 F.2d at 1244. The Court therefore rules that Mr. Villazon has failed to plead a Fourth Amendment violation against any Defendant.

## II.        Fourteenth Amendment Due Process

The Fourteenth Amendment, together with the First, guarantees a right of access to the courts and a meaningful opportunity to be heard in any legal proceeding. *See, e.g.*, *Lewis v. Casey*, 518 U.S. 343 (1996); *Bounds v. Smith*, 430 U.S. 817 (1977); *May v. Sheahan*, 226 F.3d 876, 883–84 (7th Cir. 2000). Access-to-courts cases typically involve prisoner litigants and circumstances not applicable here, but the general right applies broadly to all individuals, whether "free or incarcerated." *Snyder v. Nolen*, 380

F.3d 279, 291 (7th Cir. 2004). However, "denial of access to the courts is not actionable unless the plaintiff has suffered an injury over and above the denial." *Walters v. Edgar*, 163 F.3d 430, 433–34 (7th Cir. 1998) (citing *Lewis v. Casey*, 518 U.S. 343, 352–57 (1996)). In practice, that often means that a plaintiff must be able to allege that the defendant's "blockage prevented him from litigating a nonfrivolous claim." *Id.*

Mr. Villazon alleges that Sgt. Weston, Ms. Klein, and Mr. Krizel violated his rights by working together to conceal information material to his forfeiture case, namely, whether Sgt. Krueger truly observed a hand-to-hand exchange and whether the buyer was a cooperating participant. He claims that this concealment deprived him of a meaningful opportunity to challenge Sgt. Krueger's affidavit and to present his innocent-owner defense. But, as Defendants point out, Mr. Villazon has not actually identified any wrongdoing by any Defendant, even taking all allegations strictly as true. Def. Br. *11. The alleged concealment of information occurred during personal phone calls that Mr. Villazon had with Sgt. Weston and with the buyer's parents. Mr. Villazon takes their refusal to answer questions about whether the buyer had cooperated with the police as evidence that the ASA Defendants instructed them not to talk about the subject. But even if that is true, it is not improper for an attorney to advise witnesses not to talk to opposing counsel (i.e., Mr. Villazon, who represented himself) outside of legal proceedings. *See Ruhl v. Hardy*, 743 F.3d 1083, 1093 (7th Cir. 2014) ("In Illinois, as in most states, '[a] witness is not obligated to speak to an attorney for the other party.'" (quoting *People v. Slabaugh*, 753 N.E.2d 1170, 1178 (2001))). If the ASA Defendants had instructed these witnesses not to answer a question at a deposition, then that would be another matter. *See Eggleston v. Chicago Journeymen Plumber's Local Union No. 130,* 657 F.2d 890, 902 (7th Cir.1981) (improper for counsel to instruct a deposed client not to answer a question, unless there is a claim of privilege). But these conversations were not depositions, and Mr. Villazon does not at any point allege that he sought to

– 9 –

depose the witnesses, or send them interrogatories, or otherwise compel them to reveal discoverable information.[6]

Under these circumstances, the Court cannot say that Mr. Villazon suffered a deprivation of his constitutional rights, even if Defendants did exactly as he alleges. Accordingly, Count II of his complaint must be dismissed. Additionally, the lack of a Fourteenth Amendment violation also dooms Mr. Villazon's *Monell* claim. Even if Kane County did have the sort of policy that Mr. Villazon alleges, that would not create liability for Kane County because there was no constitutional injury. The Court therefore dismisses Count III as well.

### III.    Dismissal with Prejudice

The analysis above shows that all claims in the complaint must not only be dismissed, they must be dismissed with prejudice. Normally, a court's first dismissal of a complaint should be without prejudice, to permit an amendment; and that is particularly the case for pro se plaintiffs, such as Mr. Villazon. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 519 (7th Cir. 2015) (collecting cases). However, that maxim does not apply if "it is *certain* from the face of the complaint that any amendment would be futile[.]" *Barry Aviation Inc. v. Land O'Lakes Municipal Airport Comm'n,* 377 F.3d 682, 687 (7th Cir.2004) (emphasis in original). And that is the case here. Mr. Villazon's complaint alleges details that affirmatively establish that Defendants did not violate the Fourth or Fourteenth Amendments. As such, he has "plead[ed] himself out of court by pleading facts that show that he has no legal claim." *Epstein v. Epstein*, 843 F.3d 1147, 1150 (7th Cir. 2016) (quoting

---

[6] As prosecutors, Ms. Klein and Mr. Krizel are also very likely absolutely immune from liability in this case. *Buckley v. Fitzsimmons,* 509 U.S. 259, 273 (1993). Their alleged acts in advising witnesses concerning pre-trial conversations is likely well within the ambit of their prosecutorial function. *Cf. Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). However, because the line between prosecutorial tasks and investigative tasks can sometimes be fuzzy, and because it is clear that, regardless of immunity, Mr. Villazon has not stated a claim against the ASA Defendants, the Court declines to affirmatively rule whether they are immune in this case.

*Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011)). Accordingly, the Court must dismiss Mr. Villazon's complaint with prejudice.

## CONCLUSION

The Court grants Defendants' motion [46] and dismisses Mr. Villazon's complaint with prejudice.


**IT IS SO ORDERED.**

Date: 6/30/2026

Entered: _____
        SHARON JOHNSON COLEMAN
        United States District Judge